SUZANNE M. MORRIS, State Bar No. 239324
Morris & Giacinti LLP
899 Ellis Street
San Francisco, CA 94109
Telephone: 415/513-5605
Facsimile: 415/683-3176

Attorney for Defendant DONALD MILLS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. CR12-00664-YGR |
| | ) | |
| Plaintiff, | ) | **STIPULATION AND ORDER** |
| | ) | **RESETTING CHANGE OF** |
| v. | ) | **PLEA HEARING DATE FROM** |
| | ) | **MAY 9, 2013 to MAY 30, 2013** |
| DONALD MILLS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant Donald Mills is scheduled to appear before this Court on Thursday, May 9, 2013. At that time, Mr. Mills will ask this Court to accept his Change of Plea. The parties anticipate that upon change of plea, Mr. Mills will be remanded to custody of the U.S. Marshal.

The parties hereby request that the Change of Plea hearing currently scheduled for May 9, 2013 be reset for Thursday, May 30, 2013 so that Mr. Mills may complete requirements to graduate from New Bridge Foundation drug treatment program and so that defense counsel may obtain medical records to be provided to the Marshal's service in advance of the Change of Plea.

Mr. Mills was released from custody to complete a residential drug treatment program. He completed the 90-day residential drug treatment program at New Bridge Foundation on August 3, 2012. He has participated in weekly after-care meetings since August 4, 2012.

STIPULATION AND [P̶R̶O̶P̶O̶S̶E̶D̶] ORDER TO RESET MAY 9, 2013 CHANGE OF PLEA HEARING TO MAY 30, 2013
No. CR 12-00664-YGR

Counsel for Mr. Mills has spoken with Michelle Norris, MA CADCA, Mr. Mills' after-care counselor at New Bridge regarding this request.

Ms. Norris noted that in addition to the psychological and emotional benefit associated with being able to complete the program and have his success honored (Mr. Mills is a lifetime heroin addict who to date has achieved over a year sobriety), there are practical benefits to graduating from the program. Specifically, Ms. Norris noted that a number of benefits will remain indefinitely available to Mr. Mills as a graduate of the program. For example, as a graduate, Mr. Mills will be permitted to return to New Bridge to participate in counseling and will be able to seek the support of the program on an ongoing basis as long as he remains sober. He will also be permitted to return to the program in an advisory capacity, to speak to program participants about his experience, struggle, and success with sobriety. Additionally, as a graduate, Mr. Mills will be able to return to New Bridge at any time for three square meals a day. Attached to this stipulation is a letter prepared by Ms. Norris discussing some of the benefits available to Mr. Mills upon graduation.

It is defense counsel's view that the resources and support available to Mr. Mills as a New Bridge graduate will be extremely valuable to him upon his eventual release from custody. When he is released back into the community, he will no doubt stand to benefit from being able to return seek ongoing support from the program and to be able to contribute to the community. From a very practical perspective, the ability to come to the program to heave meals in a supportive environment may be extremely helpful to him as he struggles to get back on his feet upon his release.

As a further basis for the request to continue the Change of Plea Hearing, counsel for Mr. Mills notes that she has submitted a request for Mr. Mills' medical records, which is currently outstanding. The court will recall that Mr. Mills was recently diagnosed with diabetes. Since his

diagnosis in late February 2013, he has been attending frequent medical appointments and undergoing treatment and observation. It is defense counsel's understanding that his treatment plan includes the administration of various medications, including insulin several times a day.

Counsel for Mr. Mills has spoken with the Marshal's service regarding the expected Change of Plea and remand in light of Mr. Mills' medical issues. To the extent that counsel can provide the United States Marshal Service with a complete set of Mr. Mills current medical records, diagnoses, prescriptions and treatment plans in advance of the time that Mr. Mills is expected to be remanded to custody, that information will facilitate Mr. Mills transition into Marshal Custody. Counsel fully expects that the outstanding medical records will be provided in advance of the requested May 30, 2013 hearing date and will provide those records to the U.S. Marshal's service as soon as they become available.

For the forgoing reasons counsel for Mr. Mills requests that the Change of Plea Hearing currently scheduled to occur on Thursday, May 9, 2013 be reset to Thursday, May 30, 2013.

Defense counsel has spoken with counsel for the Government regarding the proposed continuance. Counsel for the government does not object to the request.

SO STIPULATED:

Date: 5/8/13        /s/ Suzanne M. Morris        .
                    Suzanne M. Morris
                    Counsel for Donald Mills


Date: 5/8/13        /s/ W.S. Wilson Leung        .
                    W.S. Wilson Leung
                    Assistant United States Attorney



IT IS SO ORDERED:
    May 8, 2013                    HON. YVONNE GONZALEZ ROGERS
                                   United States District Court Judge

STIPULATION AND [PROPOSED] ORDER TO RESET MAY 9, 2013 CHANGE OF PLEA HEARING TO MAY 30, 2013
No. CR 12-00664-YGR